UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESSEX P.B. & R. CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:08CV01705 ERW |
| | ) |
| XCAPER INDUSTRIES, LLC, | ) |
| | ) |
| Defendant. | ) |

# **AMENDED[1] MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Essex P.B. & R. Corp.'s Voluntary Motion to Dismiss, or in the Alternative, Motion to Amend the Court's Case Management Order [doc. #17]; Plaintiff Essex P.B. & R. Corp.'s Motion to Stay Briefing on Xcaper's Motion for Summary Judgment in Light of the Court's Ruling upon Essex's Motion to Dismiss [doc. #23]; Motion to Strike Plaintiff Essex P.B. & R. Corp.'s Reply in Support of its Voluntary Motion to Dismiss, or in the Alternative, Motion to Amend the Court's Case Management Order [doc. #26]; and Xcaper's Motion for Sanctions under Fed. R. Civ. Pro. 11 and 35 U.S.C. § 285 for Failure to Conduct Adequate Pre-Filing Investigation and Maintaining its Claim of Infringement [doc. #30].

---

[1]The Amended Memorandum and Order is identical to the Court's Memorandum and Order dated August 4, 2009, with one correction. On page 4 of the original Memorandum and Order and page 5 of this Amended Memorandum and Order, the sentence, "Defendant will not, however, be reimbursed for 'expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim,'" should actually read, "Defendant will, however, only be reimbursed for 'expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim.'" The correction has been made in this Amended Memorandum and Order.

## I. PLAINTIFF'S VOLUNTARY MOTION TO DISMISS

Plaintiff Essex P.B. & R. Corp. ("Plaintiff") filed suit against Defendant Xcaper Industries, LLC ("Defendant") on November 6, 2008. In its Complaint, Plaintiff alleged that one of Defendant's products infringes United States Patent No. 5,562,092 ("the '092 Patent"). Plaintiff has an exclusive license agreement with the owner of the '092 Patent, which it alleges gives it standing and sufficient rights to initiate and maintain the pending lawsuit. At some point prior to the filing of the lawsuit, Plaintiff received a video of one of Defendant's product demonstrations. Plaintiff asserts that the video led it to believe that Defendant "was making, or at least offering for sale, an emergency smoke filter kit that infringed the claims of the '092 Patent." (Pl.'s Mtn. to Dismiss, doc. #17, p.1).

Since filing the Complaint, however, Plaintiff has come to believe that: "(a) the accused infringing products in the video were prototypes; (b) [Defendant] has only made four of said prototypes; and (c) at this time, [Defendant] is not making for sale, nor is offering for sale, any emergency smoke filter kits that infringe the asserted claims of the '092 Patent." (Pl.'s Mtn. to Dismiss, doc. #17, p.2). As a result, Plaintiff filed the pending Motion, requesting that the Court dismiss its claims against Defendant without prejudice.

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." The decision of whether a plaintiff should be allowed to voluntarily dismiss his or her case "rests upon the sound discretion of the court." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th

Cir. 1999). However, there are four basic factors the 8th Circuit uses to determine if voluntary dismissal should be granted. *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987). These factors are:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

*Id.* The Court also considers whether the dismissal would "result in a waste of judicial time and effort." *Hamm*, 187 F.3d at 950. In addition, "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id.*

As provided by Federal Rule of Civil Procedure 41(a)(2), a court's decision to allow voluntary dismissal "may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion deems necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice." *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994).

> In granting a motion for voluntary dismissal, district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit. In fact, [the Eighth Circuit] has held that under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled.

*Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995) (internal citations omitted); *see also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2366 (3d ed. Supp. 2009). The general purpose of conditioning a voluntary dismissal on payment of costs and fees is: "to fully compensate the defendant for

reasonable expenses incurred before dismissal and to deter vexatious litigation." *EMPO Corp. v. J.D. Benefits, Inc.*, 2003 WL 21517360, at *4 (D. Minn. June 26, 2003).

**B. DISCUSSION**

The Court must first determine if it is proper to allow Plaintiff to voluntarily dismiss its Complaint in this case. Considering the four factors set forth by the Eighth Circuit in *Paulucci*, this Court concludes that voluntary dismissal is appropriate. Defendant has demonstrated that it has expended a significant amount of time and effort on this case. While the Court does not diminish Defendant's efforts in defending the charges brought by Plaintiff, the prejudice that Defendant would suffer if this Court allows Plaintiff to voluntarily dismiss the suit can be adequately addressed by imposing terms on the Court's grant of dismissal. *See Heitert v. Mentor Corp.*, 2007 WL 4051644, at *2 (E.D. Mo. Nov. 15, 2007). Moreover, there is no evidence of excessive delay or lack of diligence on the part of Plaintiff in prosecuting the action, and Plaintiff offered a sufficient explanation of the need to take a dismissal. While there is a Motion for Summary Judgment currently pending in this case, there was no such motion pending when Plaintiff filed its Voluntary Motion to Dismiss.[2] Thus, the *Paulucci* factors suggest that this Court should grant Plaintiff's Voluntary Motion to Dismiss, albeit with some conditions.

Defendant has expended an appreciable amount of time and effort on this case and, thus, the Court finds it necessary to place some conditions on the voluntary dismissal. Specifically, in the event that Plaintiff refiles this case in this or any other court, it will be required to reimburse

---

[2]It is clear from the timing of the filing of the motions that Defendant was preparing its Motion for Summary Judgment at the same time that Plaintiff was preparing its Voluntary Motion to Dismiss. It appears that Plaintiff was not aware of Defendant's preparations and, thus, it is not likely that Plaintiff filed its Voluntary Motion to Dismiss in an effort to avoid judgment on the merits.

the fees and costs incurred by Defendant in defending this cause of action. Defendant will, however, only be reimbursed for "expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim." *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985); *see also Metro. Fed. Bank of Iowa , F.S.B. v. W.R. Grace & Co.*, 793 F. Supp. 205, 206 (D. Minn. 1992); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2366 (3d ed. Supp. 2009). This Court will hold a hearing on August 13, 2009, at 9:00 a.m., to determine the precise amount of fees and costs that Plaintiff will be required to pay to Defendant, if Plaintiff refiles this suit. Prior to the hearing, and no later than 5:00 p.m. on August 7, 2009, Defendant shall submit a claim for those fees and costs it believes should be reimbursed under the parameters of this Court's order. Plaintiff may file a response prior to 12:00 noon on August 12, 2009.

Plaintiff does have the option of rejecting the terms of this Court's conditional grant of the pending Voluntary Motion to Dismiss. "'Under . . . [R]ule [41(a)(2)], a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits.'" *Am. Equity Mortgage, Inc. v. Vinson*, 2007 WL 1862987, at *2 (E.D. Mo. June 28, 2007) (quoting *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367-68 (D.C. Cir. 1981)) (first and third alterations in original). Should Plaintiff elect to withdraw its Voluntary Motion to Dismiss in lieu of accepting the conditions imposed by the Court, it must notify this Court prior to the August 13, 2009 hearing, of its intent to proceed with the case on the merits. If the Court does not receive such notice, the Court will grant the Voluntary Motion to Dismiss and Plaintiff's Complaint will be dismissed without prejudice.

5

## II. PLAINTIFF'S MOTION TO STAY BRIEFING

Also pending in this case is Plaintiff Essex P.B. & R. Corp.'s Motion to Stay Briefing on Xcaper's Motion for Summary Judgment in Light of the Court's Ruling upon Essex's Motion to Dismiss [doc. #23]. The Court temporarily held in abeyance Plaintiff's Response to the Motion for Summary Judgment, pending the Court's ruling on the other pending motions. As set forth in the preceding section, this Court is conditionally granting Plaintiff's Voluntary Motion to Dismiss. If Plaintiff accepts the terms of the conditional dismissal, all of Plaintiff's claims against Defendant will be dismissed without prejudice. As such, Defendant's Motion for Summary Judgment will be termed, thereby relieving Plaintiff of the need to file a Response. Thus, if the Court grants Plaintiff's Voluntary Motion to Dismiss, as it anticipates, the Court will also deny Plaintiff's Motion to Stay Briefing, as moot.

## III. MOTION TO STRIKE PLAINTIFF'S REPLY

On June 12, 2009, Defendant filed the pending Motion to Strike Plaintiff Essex P.B. & R. Corp.'s Reply in Support of its Voluntary Motion to Dismiss, or in the Alternative, Motion to Amend the Court's Case Management Order [doc. #26]. Defendant argues that Plaintiff's Reply "includes the use of statements made in contravention of the Mediation Agreement" and thus, "it should be stricken." (Pl.'s Mtn. to Strike, doc. #26, p.1). The Mediation Agreement provided:

> All statements made, materials generated and conduct occurring during the mediation process, including any conversations with or submittals of information to the Mediator at, prior to or after the mediation session, are part of settlement negotiations and shall not be discoverable or admissible as evidence or as an admission in any litigation, arbitration or other proceeding.

(Meditation Agreement, doc. #26-3, p.1). Although it is not entirely clear, it appears that the statement that Defendant alleges is in violation of the Mediation Agreement is:

6

> [Plaintiff] is dismissing the present matter because it is now known or believed, based on statements by Defendant, that [Defendant] has only produced prototypes of the demonstrated accused device - it is [Plaintiff]'s understanding now that [Defendant] has undertaken no commercial activity *at this time*, or intends to do so in the future.

Plaintiff responds that it was "notified *by statements of [Defendant]'s counsel* that [Defendant] had only produced prototypes of the demonstrated accused device and had undertaken no commercial activity, or intended to do so in the future." (Pl.'s Response, doc. #27, p.2-3). Plaintiff provided a sworn affidavit of Mr. Frank B. Janoski to support this statement.

The Court finds that Plaintiff's Reply in Support of its Voluntary Motion to Dismiss should not be stricken. Plaintiff has set forth sufficient evidence to demonstrate that the source of the information in question was statements made by Defendant's counsel prior to the mediation, and not statements made by representatives of Defendant during the mediation. Thus, Defendant's Motion to Strike will be denied.

### IV. MOTION FOR SANCTIONS

Finally, Defendant filed the pending Motion for Sanctions under Fed. R. Civ. Pro. 11 and 35 U.S.C. § 285 for Failure to Conduct Adequate Pre-Filing Investigation and Maintaining its Claim of Infringement [doc. #30] on June 30, 2009. Defendant asserts that Plaintiff should be sanctioned because it improvidently brought its lawsuit for patent infringement after failing to conduct an adequate prefiling investigation.

Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defendants, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

A court may impose sanctions on an attorney, law firm, or party that violates Rule 11(b). Fed. R. Civ. P. 11(c)(1). "'In determining whether a violation of Rule 11 has occurred, the district court must apply an 'objective reasonableness' standard." *Miller v. Bittner*, 985 F.2d 935, 938 (8th Cir. 1993). "To constitute a reasonable inquiry, the prefiling investigation must uncover a factual basis for the plaintiff's allegations, as well as a legal basis." *Id.* at 939. The Federal Circuit has held that "[i]n the context of patent infringement actions, we have interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1301 (Fed. Cir. 2004).

The Court finds that sanctions under Rule 11 are not warranted. The evidence suggests that Plaintiff's attorneys engaged in an extensive pre-filing investigation and that the investigation itself was objectively reasonable. The outline of the procedure set forth in Plaintiff's Response Brief and the supporting affidavits demonstrates that the attorneys conducting the investigation reasonably reviewed the patent claims, compared them to the accused device, and concluded that the accused device infringed on the '092 Patent.[3] (Pl.'s Response, doc. #39, pp.7-10). Upon

---

[3] Although there was apparently some initial confusion regarding which product was the subject of the pending lawsuit, the Parties were able to resolve the confusion. It is clear that Plaintiff intended the prototype to be the accused infringing product, and not the Xcaper Personal Smoke Mask. Thus, the initial identification of the Xcaper Personal Smoke Mask as the accused

determining that its claims were no longer viable, Plaintiff promptly filed its Voluntary Motion to Dismiss. Keeping in mind that "it is not for [the Court] to determine whether [Plaintiff]'s pre-filing interpretation of the asserted claims was correct, but only whether it was frivolous," the Court finds that Plaintiff's conduct did not rise to the level that would violate Rule 11 and, thus, sanctions are not appropriate. *Q-Pharma*, 360 F.3d at 1301.

Additionally, sanctions are not appropriate under 35 U.S.C. § 285, which provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." The Federal Circuit has determined that "a plaintiff's voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(i) does not bestow 'prevailing party' status upon the defendant." *RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007). While this case does not involve a Rule 41(a)(1)(i) voluntary dismissal, the *RFR Industries* case is informative. Specifically, the Federal Circuit reasoned that "[i]n order for a defendant to be said to have 'prevailed' as the result of a Rule 41 dismissal, the dismissal must have 'sufficient judicial imprimatur to constitute a 'judicially sanctioned change in the legal relationship of the parties." *Id.* In this case, Plaintiff has moved for a voluntary dismissal under Rule 41(a)(2). Assuming that Plaintiff does not object and the Court grants the Motion, the case will be dismissed without prejudice. However, because the case will be dismissed *without prejudice*, there will be no change in the legal relationship of the parties because Plaintiff is free to refile its Complaint. *Id.* As such, Defendant is not a "prevailing party" and, thus, is not entitled to sanctions under 35 U.S.C. § 285.[4]

---

infringing product does not justify Rule 11 sanctions.

[4]The Court notes that if Plaintiff elects to withdraw its Voluntary Motion to Dismiss, the case will proceed on the merits. Defendant would not be considered a "prevailing party" under this scenario, either.

Accordingly,

**IT IS HEREBY ORDERED** that the Parties shall appear for a hearing on **August 13, 2009**, at **9:00 a.m.**, in Courtroom 12S.  Defendant must file a claim for fees and costs no later than **5:00 p.m.** on **August 7, 2009**.  Plaintiff's Response, if any, must be filed by **12:00 noon** on **August 12, 2009**.

**IT IS FURTHER ORDERED** that Plaintiff Essex P.B. & R. Corp.'s Voluntary Motion to Dismiss, or in the Alternative, Motion to Amend the Court's Case Management Order [doc. #17] is **HELD IN ABEYANCE**.  If Plaintiff does not withdraw its Voluntary Motion to Dismiss prior to the August 13, 2009 hearing, the Court will grant the Motion and dismiss all claims without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Essex P.B. & R. Corp.'s Motion to Stay Briefing on Xcaper's Motion for Summary Judgment in Light of the Court's Ruling upon Essex's Motion to Dismiss [doc. #23] is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff Essex P.B. & R. Corp.'s Reply in Support of its Voluntary Motion to Dismiss, or in the Alternative, Motion to Amend the Court's Case Management Order [doc. #26] is **DENIED**.

**IT IS FURTHER ORDERED** that Xcaper's Motion for Sanctions under Fed. R. Civ. Pro. 11 and 35 U.S.C. § 285 for Failure to Conduct Adequate Pre-Filing Investigation and Maintaining its Claim of Infringement [doc. #30] is **DENIED**.

Dated this 5th Day of August, 2009.

_/s/ E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE